IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| RONDA HITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 1:20-00648 |
| v. | ) |
| | ) |
| M.E. REHERMAN, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss Petition," filed on July 26, 2023. (Document No. 9.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's "Motion to Dismiss Petition" (Document No. 9) should be granted.

**PROCEDURAL HISTORY**

On September 30, 2020, Petitioner, acting *pro se*,[1] filed her Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 requesting relief pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (Document No. 1.) Petitioner alleges she suffers from hypertension, anemia, and angina. (Id.) Petitioner claims the foregoing conditions subject her to "risk factors posed by COVID-19." (Id.) Petitioner further states that the living arrangements are

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

overcrowded and her PATTERN score classifies her as low recidivism. (Id.) As relief, Petitioner requests home confinement or release for "time served." (Id.)

By Order entered on October 1, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 4.) On October 13, 2020, Respondent filed a Response to the Order to Show Cause. (Document No. 5.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust her administrative remedies (Id., pp. 9 – 12.); (2) Petitioner's request for home confinement is not ripe (Id., p. 12.); (3) Petitioner's claims concerning her conditions of confinement are not properly brought in this action (Id., p. 13); (4) "The Court does not have authority to grant the relief Petitioner seeks under the CARES Act" (Id., pp. 13 – 15); and (5) Petitioner's request to reduce her sentence to time served is limited to the sentencing court (Id., pp. 15 – 17.).

As Exhibits, Respondent attaches the following: (1) The Declaration of Melissa Evans (Document No. 5-1, pp. 2 – 9.); (2) A copy of Petitioner's "Public Information Inmate Data As of 10-08-202" (Id., pp. 11 - 14.); (3) A copy of Program Statement 5050.50, "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)" (Id., pp. 16 – 33.); (4) A copy of Petitioner's "Sentence Monitoring Computation Data As of 10-07-2020" (Id., pp. 35 – 37.); (5) A copy of Petitioner's "Inmate Profile" (Id., pp. 39 – 40.); (6) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated October 6, 2020 (Id., pp. 42 – 44.); (7) A copy of Petitioner's "Request for Compassionate Release" dated June 21, 2020 (Id., pp. 45 – 48.); and (8) A copy of a letter dated July 1, 2020, to Petitioner from Warden

Reherman regarding Petitioner's compassionate release request (Id., p. 50.).

By Order and Notice entered on October 15, 2020, the undersigned notified Petitioner of her right to file a Reply to Respondent's Response. (Document No. 7.) Petitioner failed to file a Reply. On July 26, 2023, Respondent filed a "Motion to Dismiss Petition." (Document No. 9.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice entered on July 27, 2023, the undersigned notified Petitioner of her right to file a Response. (Document No. 10.) Petitioner, however, failed to file a Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or

3

> the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[2] and the absence of collateral consequences, and therefore, her Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss Petition" (Document No. 9), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on April 1, 2022.

objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 17, 2023.

Omar J. Aboulhosn
United States Magistrate Judge